UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-81404-CIV-HURLEY

DANETTE MARSHALL,
    Plaintiff,

vs.

ARYAN UNLIMITED STAFFING SOLUTION;
FANEUIL TOLL OPERATIONS, INC.;
FANEUIL INC. and/or FANEUIL II, INC.;
McANDREW & FORBS HOLDING;
D & D ARY ENTERPRISES INC., CORP., and
HARLAND CLARKE HOLDINGS CORP.,
    Defendants.
_____/

## ORDER OF FINAL DISMISSAL WITH PREJUDICE

**THIS CAUSE** is before the Court upon the defendants Faneuil Toll Operations, Inc., Fanueil II, Inc., Faneuil, Inc., MacAndrews & Forbes Holdings, Inc. and Harland Clarke Holdings Corp.'s motion to dismiss the *pro se* plaintiff's sixth amended complaint with prejudice for failure to state a claim on which relief may be granted under Fed. R. Civ. P. 12 (b)(6) and failure to comply with the pleading requirements of Fed. R. Civ. P. 8(a) and 10(b) [ECF 38], plaintiff's response in opposition [ECF 41] and defendant's reply [ECF 40]. Also before the court is the plaintiff's motion to file a seventh amended complaint [ECF 32]. For reasons stated below, the court shall deny the plaintiff's request to file a further amended complaint and grant the defendants' motion to dismiss.

### I. Standard of Review

Under the simplified pleading standard of Rule 8(a), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." This requires a "showing," rather than a blanket assertion, of entitlement to relief, *Bell Atlantic Corp. v. Twombly,*

550 U.S. 544 (2007), and that showing must consist of at least "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

In determining the sufficiency of a complaint under a Rule 12 (b)(6) motion to dismiss, the court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Rehberg v. Paulk,* 611 F.3d 828, 835 n. 1 (11th Cir. 2010); *Hazewood v. Foundation Financial Group, LLC,* 551 F.3d 1223 (11th Cir. 2008). However, the court need not accept legal allegations unsupported by factual allegations, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."); *Allah El v. Avesta Homes, LLC*, ___ Fed. Appx. ___, 2013 WL 2321421 (11th Cir. 2013), legal conclusions couched as factual allegations, *McGee v. JP Morgan Chase Bank, NA*, ___ Fed.Appx. ____, 2013 WL 2321782 (11th Cir. 2013), or conclusory factual allegations devoid of any reference to particular acts or events. *United Black Firefighters of Norfolk v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

At the same time, the court must construe *pro se* complaints liberally, "even as [it] examine[s] such complaints for factual allegations sufficient to meet the plausibility requirement." *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011). *See also Erickson v. Pardus*, 551 U.S. 89 (U.S. 2007)("A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers'"), quoting *Estelle v Gamble,* 429 U.S.97, 106 (U.S. 1976) . However, *pro se* litigants still have to comply with procedural pleading requirements, *Moton v. Coward*, 631 F.3d 1337, 1341 n. 2 (11th Cir. 2011), and the court shall not supply additional facts or construct a legal theory for plaintiff that assumes facts that have not been pleaded. *Dunn v. White*, 880 F.2d 1188, 1197 (10th

Cir. 1989). Finally, a district court may dismiss a *pro se* complaint without permission to amend where it is apparent that the amendment would be futile, or in other words, still subject to dismissal. *Grider v. Cook,* ___ Fed. Appx. ___, 2013 WL 2981792 (11th Cir. 2013), citing *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007).

## I. Background

Plaintiff was formerly employed by Faneuil, Inc. ("Faneuil") as a toll collection operator on the Florida Turnpike from August 2007 through December 3, 2010 when her job was outsourced to an entity called A-Ryan Unlimited Staffing Solutions. On January 30, 2013, she filed this action [ECF 1], asserting a number of claims related to her employment, including alleged unlawful retaliatory discharge; disparate treatment on the basis of race, national origin, and religion; sexual harassment/hostile work environment and unlawful failure to accommodate in violation of the Americans with Disabilities Act (ADA). Since her initial filing, plaintiff has filed five amendments to the complaint [ECF Nos. 5, 6, 14, 20 and 26]. After the plaintiff filed her third amendment to the complaint [ECF 6], the court issued a *sua sponte* order dismissing the complaint for failure to state a claim on which relief may be granted, including detailed instructions to the *pro se* litigant regarding the elements of the causes of action at issue and the nature of the deficiencies prompting the dismissal [ECF 11].

In her now operative sixth amended complaint, filed May 1, 2013, [ECF 26] plaintiff alleges she was discriminated against, harassed and treated unfairly throughout the course of her employment by Fanueil. In a rambling, unorganized stream of disjointed factual allegations, interspersed with jumbled legal conclusions and title banners or captions which do not correspond to any legally cognizable cause of action, the first thirty-six pages of the complaint include a

"preliminary statement," followed by a section captioned "exhaustion of administrative remedies,"[1] and a jumbled series of "general" fact allegations bearing little connection to the captioned subheadings regarding disparate treatment, retaliatory discharge and the ADA failure to accommodate claims.

Beginning at page 37, plaintiff inserts a series of unnumbered, repetitive "causes of action," including retaliation for participation in protected EEOC activity, disparate treatment on the basis of race, national origin and religion and violation of the ADA. None of these "causes of action" identifies the defendant(s) to which it is directed. Finally, at pages 49 through 68, plaintiff attaches a series of exhibits, which notably does not include the right to sue letters referenced in the "Exhaustion of Administrative Remedies" section of her complaint.

In their current motion to dismiss, defendants Faneuil Toll Operations, Inc., Fanueil II, Inc., Faneuil, Inc., MacAndrews & Forbes Holdings, Inc. and Harland Clarke Holdings Corp. contend (1) the sixth amended complaint does not comply with the Rule 10(b) requirement that claims must be stated in separately numbered paragraphs, each limited as far as practicable to a single set of circumstances, but rather consists of 562 consecutive numbered line entries which correspond only

---

[1] In this section, plaintiff refers to a "charge of discrimination and ADA" filed in June 2011 against "Aryan Unlimited Staffing Solutions/Faneuil/Mac Andrews and Forbs Holding" [Complaint, page 8]. She further alleges that she received a right to sue notice on September 24, 2012 "for Aryan Staffing," followed by an inexplicable notation of "employer out of bussiness (sic)" and "dismissal."

In addition, she alleges that "Defendant Faneuil MacAndrew & Forbs Holding was issued a right to sue notice on Sep 24, 2012 and revoked on Nov. 11 - 2012 for further investigation," confusing the issue of whether a second right to sue letter was issued to these defendants or to the plaintiff, and failing to explain the suggestion of "revocation."

She does not attach a copy of either right to sue letter referenced, rendering it impossible to determine whether she complied with the EEOC procedures with respect to these defendants or any others.

to individual handwritten lines in many instances and in others to nothing at all; (2) the sixth amended complaint does not comply with the Rule 10(b) requirement that each claim founded on a separate transaction or occurrence must be stated in a separate count, where doing so would promote clarity, but rather jumbles and repeats a series of unnumbered causes of action without identifying which count is directed to which defendant(s); (3) the sixth amended complaint fails to allege facts showing an exhaustion of administrative remedies and does not attach a copy of the right to sue letters referenced at page 8, making it impossible to determine whether plaintiff complied with EEOC procedures even as to the defendants referenced in that section; (4) the sixth amended complaint fails to state a cause of action for violation of the Americans with Disabilities Act (ADA), where the complaint fails to allege facts showing that plaintiff was qualified, with or without a reasonable accommodation, to perform the essential functions of her job; (5) the sixth amended complaint fails to state a cause of action for unlawful "retaliation," where plaintiff does not specifically identify the protected activity for which she was retaliated against, and where the allegations regarding her alleged participation in EEOC administrative mediation on January 11, 2012, occurred nearly a year after the date of her alleged termination (February 17, 2011); (6) the sixth amended complaint fails to state cause of action for disparate treatment where plaintiff fails to allege either an actionable "adverse" action or the *prima facie* factors needed to set out a circumstantial discrimination case under the *McDonnell-Douglas* paradigm; (7) the sixth amended complaint fails to state a cause of action for religious discrimination where it fails to cure deficiencies previously identified by the court, and (8) the sixth amended complaint fails to state a claim for sexual harassment/hostile work environment where it fails to cure the deficiencies previously identified by the court.

### III. Discussion

Like the original complaint and the multiple variations which followed, the *pro se* plaintiff's operative sixth amended complaint consists of a disjointed narrative of work-related complaints, intermingling allegations of unlawful discrimination and retaliation on the basis of sex, race, national origin, and disability. The sixth amended complaint does not state each legal claim in a separately numbered count, as previously directed by the court; does not contain specific facts establishing the elements of claim for each cause of action alleged and does not contain allegations or exhibits demonstrating that plaintiff has administratively exhausted each claim.

Instead, the sixth amended complaint evinces plaintiff's persistent failure to cure the deficiencies by multiple amendments previously allowed. As it appears that plaintiff's *pro se* complaint fails, after six attempts, to state a claim upon which relief may be granted, and in multiple instances actually repeats assertions that were previously found to be legally insufficient, it is apparent that permitting an additional opportunity to amend at this juncture would be futile. In addition, the court concludes that allowing a further amendment would cause defendants undue prejudice. The court shall accordingly dismiss the complaint with prejudice. *See generally Lampkin-Asam v. Volusia County School Bd.,* 261 Fed. Appx. 274, 276 (11th Cir. 2008)(dismissing *pro se* plaintiff's second amended complaint, with prejudice, for being a "labyrinth of claims, counts accusations and repetition"); *Anderson v. Vanguard Car Rental USA, Inc.,* 304 Fed. Appx. 830 (11th Cir. 2008)(district court need not allow amendment where there has been undue delay or repeated failure to cure deficiencies by amendments previously allowed); *Jeremiah v. Burnette,* 297 F. Appx 854 (11th Cir. 2008)(district court may deny *pro se* plaintiff leave to amend where amendment would be futile).

It is accordingly **ORDERED AND ADJUDGED:**

1. The defendants' motion to dismiss the plaintiff's sixth amended complaint with prejudice [ECF 38] is **GRANTED.** Plaintiff's sixth amended complaint [ECF 26] is **DISMISSED WITH PREJUDICE**.

2. The plaintiff's motion to file a seventh amended complaint [ECF 32 ] is **DENIED**.

3. The Court shall separately issue a final judgment in favor of defendants.

**DONE and SIGNED** in Chambers at West Palm Beach, Florida this 3rd day of September, 2013.

                                                      Daniel T. K. Hurley
                                                     United States District Judge

cc. Danette Marshall, *pro se*
    all counsel